UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GERALD A. PRINCE, JR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF MICHIGAN, <br><br> Defendant. | Case No. 23-cv-12226 <br><br> Honorable Robert J. White |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

I.  Introduction

Gerald A. Prince appears to have commenced this action under 42 U.S.C. § 1983 against the State of Michigan, claiming that the State's expungement statute violates the Equal Protection Clause to the United States and Michigan Constitutions. The complaint also alleges that the expungement statute runs afoul of Title VII of the Civil Rights Act of 1964. The district judge previously assigned to this case granted Prince's application to proceed without prepaying the filing fee. (ECF No. 5, PageID.15).

Before the Court is the State's motion to dismiss the complaint. (ECF No. 15). Prince responded in opposition. (ECF No. 17). The State filed a reply. (ECF No.

18). Also before the Court is Prince's motion for leave to amend the complaint. (ECF No. 16). The State responded in opposition. (ECF No. 19). Prince filed a reply styled as a "rebuttal." (ECF No. 20). For the following reasons, (1) the motion to dismiss the complaint is granted with prejudice, and (2) the motion for leave to amend the complaint is denied.

II.     Background

In March 2021, Prince moved to set aside his previous conviction of attempted assault with a dangerous weapon in Wayne County Circuit Court. (ECF No. 15-1, PageID.62, 65). The state circuit judge denied the motion on August 25, 2023.[1] (*Id.*, PageID.65). Prince filed this lawsuit against the State of Michigan five days later. (ECF No. 1).

The complaint alleges that Michigan's expungement statute, Mich. Comp. Laws § 780.621(1)(a), violates the Equal Protection Clauses in both the United States and Michigan Constitutions because the statute does not apply to people like him, *i.e.*, anyone convicted of more than 3 felony offenses.[2] (ECF No. 1, PageID.1)

---

[1] The Court is permitted to take judicial notice of the Wayne County Circuit Court's Register of Actions in Prince's state criminal case. *See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record.").

[2] Prince challenges "MCL 780.621a(c)" in his filings. (ECF No. 1, PageID.1; ECF No. 7, PageID.18, ¶ 5). That provision does not exist. From the statutory language referenced in the complaint, it seems that Prince actually objects to Mich. Comp.

2

("A person with felonies totaling 4, denies a person setting aside anything [*sic*]."). And he asserts that the statute violates Title VII of the Civil Rights Act of 1964 because his criminal history has precluded him from getting a job. (ECF No. 7, PageID.27-28).

The State now moves to dismiss the complaint while Prince seeks leave to amend it. (ECF Nos. 15-16).

III. <u>Legal Standards</u>

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

IV. <u>Analysis</u>

    A.    *Equal Protection*

---

Laws § 780.621(1)(a), which authorizes (notwithstanding certain exceptions inapplicable here) "a person convicted of 1 or more criminal offenses, but not more than a total of 3 felony offenses" to apply to a state court to have all those convictions "set aside."

3

The Fourteenth Amendment to the United States Constitution prohibits states from "denyin[g] to any person within [their] jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Section 5 to the Fourteenth Amendment empowers Congress to "enforce this article through appropriate legislation." *Id.* at § 5. Congress enacted 42 U.S.C. § 1983 pursuant to its power under section 5 to enforce the Amendment's substantive provisions. *See Ngiraingas v. Sanchez*, 495 U.S. 182, 187 (1990). The statute precludes any "person" acting "under color" of state law from depriving "any citizen of the United States or other person within the jurisdiction thereof . . . of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

Prince's federal equal protection claim falters at the outset. Because the State of Michigan is not a "person" under section 1983, Prince cannot proceed against the State for violating the federal Equal Protection Clause. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Bradley v. Arwood*, 705 F. App'x 411, 417 n.2 (6th Cir. 2017) (observing that "the State of Michigan, is not a 'person' subject to suit under 42 U.S.C. § 1983.").

The state equal protection claim fails for a separate reason. The State's "sovereign immunity, guaranteed by the Eleventh Amendment of the United States Constitution, precludes plaintiffs from suing the state in federal court to remedy a violation of . . . the Michigan Constitution." *Bauserman v. Unemployment Ins.*

*Agency*, 509 Mich. 673, 710 (2022); *see also Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."); *Ladd v. Marchbanks*, 971 F.3d 574, 582 (6th Cir. 2020) ("[T]o the extent Plaintiffs seek equitable relief against [the Director of the Ohio Department of Transportation] for violating the Ohio Constitution, we have no authority to grant it."). So Prince cannot resort to the Michigan Constitution to sue the State in federal court.

For both these reasons, the complaint fails to allege a plausible claim for relief under the federal and state versions of the Equal Protection Clause.

B. Title VII

Next, Prince asserts that the expungement statute violates Title VII of the Civil Rights Act of 1964. (ECF No. 7, PageID.27-28). Congress enacted Title VII to combat discriminatory employment practices. *See* 42 U.S.C. § 2000e-2. And it abrogated Eleventh Amendment immunity for Title VII claims when it included states in the statutory definition of "employer." 42 U.S.C. § 2000e(b); *Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1177-78 (6th Cir. 1987).

The problem for Prince is that the complaint does not plausibly allege that he ever held state employment.[3] And, what is more, Title VII "was not designed" or "intended to protect convicted felons."[4] *Averitt v. Cloon*, 796 F.2d 195, 198 (6th Cir. 1986); *see also Roberts v. Kalamazoo Cty. Gov't*, No. 18-1244, 2019 U.S. Dist. LEXIS 42389, at *2 (W.D. Mich. Mar. 15, 2019). So the Title VII claim cannot likewise withstand Rule 12(b)(6) dismissal.

C.     *Leave to Amend*

Lastly, Prince asks for leave to amend the complaint to "add the Michigan Legislature as a defendant." (ECF No. 16, PageID.66). That amendment would be futile because the Michigan Legislature is an arm of the State, and states are not

---

[3] Even if Prince had held state employment, he could not file a Title VII claim against the State of Michigan as his "employer." He would instead be required to sue the state agency that "has the authority to make key employment decisions, and exercises control over the manner and means of its employees' work." *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003).

[4] Insofar as Prince maintains that the expungement statute violates the Fair Housing Act because his previous convictions preclude him from obtaining public housing, his claim lacks merit. (ECF No. 7, PageID.27). The Fair Housing Act does not mandate that "that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals . . ." 42 U.S.C. § 3604(f)(9); *see also* 24 C.F.R. § 100.202(d). Public housing authorities retain the "discretion to find that individuals with a history of convictions for property and assaultive crimes would be a direct threat to other tenants and to deny their applications." *Talley v. Lane*, 13 F.3d 1031, 1034 (7th Cir. 1994); *see also Hall v. Phila. Hous. Auth.*, No. 17-5753, 2019 U.S. Dist. LEXIS 60679, at *10-11 (E.D. Pa. Apr. 15, 2019) (same); *Corley v. Jahr*, No. 11-9044, 2013 U.S. Dist. LEXIS 49811, at *7, 16-17 (S.D.N.Y. Mar. 28, 2013) (same). At any rate, Prince does not name the Detroit Housing Commission as a party defendant.

"persons" subject to section 1983 liability. *See Will*, 491 U.S. at 71; *see also Smith v. United States Cong.*, 840 F. App'x 31, 33 (7th Cir. 2021) (holding that the Wisconsin Legislature is "an arm of the state of Wisconsin" and is, therefore, "not a 'person' subject to suit under 42 U.S.C. § 1983."). Nor would the state equal protection claim survive because of Eleventh Amendment immunity. *See Bauserman*, 509 Mich. at 710; *Pennhurst*, 465 U.S. at 121; *Ladd*, 971 F.3d at 582.

The amendment would also be futile with respect to the Title VII claim for the reasons discussed in section IV. B, *supra*. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640-41 (6th Cir. 2018) (holding that leave to amend a pleading need not be granted where the amendment would be futile); *see also Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014) (equating futility with the inability to survive a motion to dismiss). Accordingly,

IT IS ORDERED that State's motion to dismiss the complaint (ECF No. 15) is granted with prejudice.

IT IS FURTHER ORDERED that Prince's motion for leave to amend the complaint (ECF No. 16) is denied.

Dated: January 28, 2025          s/Robert J. White
                                 Robert J. White
                                 United States District Judge

7